IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNA BUNDY, as Personal Representative of the Estate of Kaylea Turley, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF OF GARVIN COUNTY, in his official capacity, ET AL.,<br><br>    Defendants. | Case No. 25-cv-850-SLP |

### DEFENDANT NOEL'S REPLY IN SUPPORT OF HER MOTION TO DISMISS

COMES NOW, Defendant Noel, (hereinafter "Defendant" or "LPN Noel"), for her reply in support of her dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Complaint, though artfully pled, contains enough inherent contradictions as to fail to allege a plausible claim. While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent. *Frenck v. Corr. Corp. of Am.*, No. 8:06-cv-1534-T-17EAJ, 2006 U.S. Dist. LEXIS 79893, at *7 (M.D. Fla. Nov. 1, 2006). In other words, a plaintiff may not "set forth inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims. *Swan Glob. Invs., LLC v. Young, Civil Action* No.

18-cv-03124-CMA-NRN, 2020 U.S. Dist. LEXIS 31690, at *9 (D. Colo. Feb. 25, 2020). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

It is well established that **negligence alone** does not state a claim under § 1983 for deliberate indifference to medial needs and, according to the Tenth Circuit, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006, emphasis added)(quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999)). Deliberate indifference requires analysis of two components (1) the objective component, which requires a showing that the deprivation was sufficiently serious and (2) the subjective component, which is akin to "recklessness" as used in criminal law and requires a showing of the conscious disregard of the substantial risk of serious harm. *Crocker v. Glanz*, 752 F. App'x 564, 569 (10th Cir. 2018); *Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) (citing *Farmer*, 511 U.S. at 828); *Self*, 439 F.3d at 1231. The Tenth Circuit has explained that case law firmly establishes "the subjective component is not satisfied, absent an ***extraordinary degree of neglect***." *Self*, 439 F.3d at 1232 (emphasis added).

2

Here, Plaintiff alleges that Ms. Turley had serious and emergent medical issues which were known to LPN Noel and to which LPN Noel acted with deliberate indifference. *Doc. 1* at ¶¶353-357. Yet, Plaintiff also alleges Ms. Turley was transported to Chickasaw Medical Center on August 4, 2023, complaining of abdominal pain and other symptoms and the Medical personnel were unable to diagnose her with any medical condition. ¶¶ 23-30. This is inherently inconsistent with Plaintiff's next alleged "fact" that there was no basis for DO Baxter's and LPN Noel's assumption that she was able to walk and that there was nothing wrong with Ms. Turley. Again, Plaintiff is well aware, and alleges the same in the complaint, that LPN Noel sent Ms. Turley to the hospital more than once and with the same results. *Id*. at ¶¶71-72. Moreover, Plaintiff acknowledged that Ms. Turley was walking on her own without assistance after she was discharged. *Id.* at ¶¶ 29-30. In fact, Plaintiff even alleges that when Ms. Turley was asking for help, she would answer that she did not know what help she needed. *Id*. at ¶¶23-27, 29-30,57-58. Plaintiff essentially argues that Defendant Noel was wrong when she stated, "there is no reason to send [Ms. Turley] to the hospital because all her vitals and everything came back good from the hospital" *Id*. at ¶¶71-72. Even assuming that Defendant Noel was wrong, that is irrelevant. At ***minimum*** Plaintiff has alleged facts that show Defendant Noel ***subjectively*** believed Ms. Turley was fine. Plaintiff's response repeatedly complain that Defendant Noel failed in her role as "gatekeeper" when she did not send Ms. Turley back to the hospital for a third time. However, "gatekeeper" does not mean "gate opener". Instead, the term

gatekeeper fundamentally implies that the individual must use her medical judgment. Courts have time and again established that this cannot rise to the level of deliberate indifference *even when an outside physician recommended otherwise. See Paniagua v. Moseley*, 451 F.2d 228 (10th Cir. 1971)(***refusal to transfer inmate out for surgery recommended by outside physician does not amount to deliberate indifference***). (Emphasis Added). *See also Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976)(differences in opinions related to sick calls, examinations, diagnoses, and medication do not support claim of deliberate indifference); *Henderson v. Sec'y of Corr.*, 518 F.2d 694 (10th Cir. 1975).

Finally, Plaintiff refers to the pending criminal case against Defendant Noel and states that she is "facing life in prison". However, Plaintiff is referring to a pending case that has not been proven. No guilty verdict has been returned; and no guilty plea has been entered. Instead, Plaintiff is attempting to usurp the role of the jury and circumvent the criminal justice system. Not only is it grossly exaggerating at this early stage in a ***pending*** criminal complaint that Defendant Noel now faces "life in prison", but it is wholly irrelevant to Plaintiff's motion.[1]

## CONCLUSION

In order to survive the instant Motion to Dismiss, Plaintiff must properly allege sufficient facts to support a claim of deliberate indifference as to Defendant LPN Noel. Plaintiff has failed their pleading burden in this regard and as such, Defendant's Motion

---

[1] This reckless and prejudicial rhetoric, however, is yet another reason that this case should be stayed pending the criminal outcome. *See Doc. 15, Defendants Joint Motion to Stay Proceedings.*

4

to Dismiss should be granted. Moreover, any potential negligence claims against LPN Noel should likewise be dismissed as Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

WHEREFORE, Defendant LPN Noel prays that this Court grant her motion and dismiss this action against her.

Respectfully submitted,

*s/ Erica R. Mackey*
Sean P. Snider, OBA# 22307
Anthony C. Winter, OBA# 32148
Erica R. Mackey, OBA# 32057
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
awinter@johnsonhanan.com
emackey@johnsonhan.com
*Attorneys for Defendants Turn Key Health Clinics, LLC and Lynnsee Noel, LPN*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of _____, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/Erica R. Mackey
Erica R. Mackey

5