## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNA BUNDY, as Personal Representative of the Estate of Kayla Turley, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-25-850-SLP |
| SHERIFF OF GARVIN COUNTY, in his official capacity, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## O R D E R

Before the Court is Defendants' Joint Motion to Stay Proceedings and Brief in Support [Doc. No. 15]. The matter is fully briefed. *See* Pl.'s Resp. [Doc. No. 30] and Defs.' Reply [Doc. No. 33].[1] Defendants seek a stay of this civil action until resolution of a criminal proceeding pending in this judicial district against each of the individual Defendants, based on charges arising from the identical conduct as that which forms the basis of Plaintiff's claims in this civil action. For the reasons that follow, Defendants' Motion is GRANTED.

## I.        Introduction

Plaintiff's Complaint details the August 2023, tragic death of Ms. Turley, allegedly resulting from her denial of medical care while detained at the Garvin County Detention Center (GCDC). Plaintiff, as personal representative of the Estate of Kayla Turley, brings

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the constitutional rights of Ms. Turley by acting with deliberate indifference to her serious medical needs.  Plaintiff seeks to impose liability against Defendants Noel, Baxter, Melton, Ingram, Kelley and Matthews (collectively, the Individual Defendants) in their individual capacities for their own unconstitutional conduct.  Plaintiff seeks to impose liability against Turn Key Health Clinics, LLC (Turn Key) and the Sheriff of Garvin County, in his official capacity (the Sheriff), for their unconstitutional customs, practices and/or policies that are alleged to have resulted in Ms. Turley's death.

Prior to the filing of this civil action, the Grand Jury returned an Indictment charging the Individual Defendants with Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242.  *See United States of America v. Jennifer Baxter, et al*., Case No. CR-24-516-R, Western District of Oklahoma, Indictment [Doc. No. 1].  The criminal case is currently set for trial on June 9, 2026.[2]

Defendants seek a stay of this civil action pending the resolution of the criminal action against the Individual Defendants.  Plaintiff opposes the requested relief, particularly as to Turn Key and the Sheriff who are not a part of the criminal proceedings.  There is no dispute amongst the parties that the conduct of the Individual Defendants giving rise to the criminal charges is the identical conduct at issue in this action.

---

[2] At the time Defendants' Motion was filed, the trial date had been scheduled for February 2026. *See id*. Order [Doc. No. 112].  But the trial was later continued to the June 2026 trial docket. *See id*. Order [Doc. No. 133].

## II.    Governing Standard

Whether to grant a stay of proceedings is within the discretion of a district court. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). The movant must show "a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Id*. (cleaned up).

Where, as here, the basis for a stay is pending criminal proceedings, "[t]he Constitution does not generally require a stay . . . absent substantial prejudice to a party's rights." *Id*. The Court must consider the "extent to which a party's Fifth Amendment rights are implicated" but "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id*. (cleaned up). Additional considerations include the need "to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id*. at 1080-81.

## III.    Discussion

District courts within the Tenth Circuit have considered the following factors to determine whether a stay is warranted: "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of, prejudices to, and burden on the plaintiff; (4) the interests of and burden on the defendant; (5) the interest of the court; and (6) the public interest." *Howell v. Watkins*, No. 22-CV-00269-CMA-NYW, 2022 WL 1165774, at *2 (D. Colo. Apr. 20, 2022), *report and recommendation adopted*, No. 22-CV-00269-CMA-NYW, 2022 WL 1451903 (D. Colo. May 9, 2022); *see also S.E.C. v. Gordon*, No. 09-cv-61-CVE-

3

FHM, 2009 WL 2252119 at * (N.D. Okla. July 28, 2009) (noting that "[m]any districts use a six-part test to determine whether a stay is appropriate" and reciting the same six factors); *Garcia v. City of Leavenworth, Kan.*, No. 19-2049-JAR-KGG, 2019 WL 3302306, at *4 (D. Kan. July 23, 2019) (accord).  The Court proceeds to address these six factors.

### 1. Overlap of the Issues in the Civil and Criminal Cases

Courts have deemed the first factor the most significant factor because self-incrimination is more likely where the issues in a criminal case significantly overlap with those in a civil case.  *See, e.g., FDS Financial, LLC v. F.D.I.C.*, No. 25-1123-R, 2025 WL 3565345 at *2 (W.D. Okla. Dec. 12, 2025); *In re CFS-Related Securities Fraud Litig.*, 256 F.Supp.2d 1227, 1237 (N.D. Okla. 2003).  As set forth, the Individual Defendants have been Indicted on charges of deprivation of rights under color of law based on the identical conduct as that which forms the basis of Plaintiff's claims. Thus, there is significant overlap of the issues in the civil and criminal actions.  And the facts giving rise to the liability of the Individual Defendants are necessarily intertwined with facts governing liability of Defendants Turn Key and the Sheriff.

Plaintiff contends a stay is not warranted because Defendants Turn Key and the Sheriff are not subject to criminal charges, relying heavily on an Order dated January 10, 2022, in *Neville v. Wellpath LLC*, Case No. 1:21-CV-758, United States District Court, Middle District of North Carolina.  *See* Order [Doc. No. 30-1].   In that case, as here, multiple individual defendants faced criminal charges, although the pending criminal charges had been filed in state court, not federal court.  Also in that case, the county sheriff

and the county had been sued and like the Sheriff and Turn Key, they did not face any criminal charges.

In denying a stay the court relied, in part, on its finding that there were "issues of fact without significant overlap, such as those arising out of customs, policies, and practices about medical care generally or out of historical events." *Id*. at 3. But the court did so without analysis.

Although the court did not grant a stay, the court deemed it "appropriate to take into account the Fifth Amendment rights against self-incrimination of the six individual defendants facing criminal charges" and referred the case to a magistrate judge "for consultation with the parties and development of a discovery plan." *Id*. at 4. And the court acknowledged that the discovery plan "may delay the time the criminal defendants will have to answer interrogatories or deposition questions[.]" *Id*. Thus, while the court did not grant a stay, the court certainly contemplated delay in the proceedings.

Notably, in *Neville*, the defendants had not yet been indicted and the delays in the criminal proceedings were attributed, in large part, to the COVID-19 pandemic. *Id*. at 2. Thus, there was no assurance that a stay would be "short." *Id*. at 4.

The Court finds *Neville* to be distinguishable from the circumstances presented here. The Individual Defendants have been indicted and a trial date is set. The added uncertainty of whether cases would proceed due to the pandemic is not present.

Moreover, as discussed infra, the necessity for discovery oversight by a magistrate judge as contemplated in *Neville* is a factor the Court finds, here, weighs in favor of

granting a stay. Under these circumstances, therefore, the Court finds that this first, most significant factor weighs in favor of granting a stay.

### 2. Status of the Criminal Case

Currently, the trial in the criminal case is scheduled for June 2026. This trial setting follows two prior continuances. A scheduling order setting deadlines has been entered and the case is proceeding in accordance with those deadlines. Because the case has been continued twice already, the Court finds the likelihood of a further continuance is greatly diminished.

In this civil case, no scheduling order has yet been entered and it appears rather certain that resolution of the criminal case will occur prior to any discovery deadlines that may be set in this case. Thus, given the current status of the criminal case, the Court finds this factor also weighs in favor of granting a stay.

### 3. Interests of the Plaintiff

Plaintiff contends that "this litigation is a constant reminder of the most horrible thing that has ever happened to her" – that is, the death of her sister resulting from the alleged conduct of Defendants as alleged in the Complaint. *See* Pl.'s Resp. at 16. She claims a considerable interest in the "expeditious resolution of her case." *Id*. at 17. And she raises the concern that witnesses may be unable to remember critical facts as time passes, though she provides no specific details as to these concerns. *Id*. She also asserts that a stay "for an indefinite period of time" is highly prejudicial. As noted, this latter concern has been circumscribed by the entry of the scheduling order in the criminal action and the setting of a trial in June 2026. Nonetheless, granting a stay would certainly run

counter to Plaintiff's right to the expeditious resolution of her case and any delay has at least the potential to interfere with the memory of witnesses. This factor weighs against granting a stay.

### 4. Interests of Defendants

Defendants argue that if the Motion to Stay is denied, they "will be forced to invoke their Fifth Amendment rights" which would not only deprive them of the ability to defend themselves in the civil case but would also "deny Plaintiff the opportunity to obtain the information she is trying to acquire." Defs.' Mot. at 9. Plaintiff responds that Defendants' claim of prejudice is speculative because Plaintiff has "offer[ed] to work with the Individual Defendants regarding the timing of discovery." Pl.'s Resp. at 20. And Plaintiff argues that invocation of the Individual Defendants' Fifth Amendment rights is a "strategic choice [that] does not require paralyzing the civil justice system." *Id*. at 21.

"While the Court recognizes that 'stays of the normal proceedings . . . should be the exception rather than the rule' even in the face of this constitutional dilemma, the potential prejudice to [the Individual Defendants] outweighs that to [Plaintiff] at this time." *Curry v. Gonzales*, No. CIV 20-0116 RB/SCY, 2021 WL 1060770, at *3 (D.N.M. Mar. 18, 2021) (cleaned up); *see also Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) ("This is particularly true where the subject matter of both cases overlaps to a significant degree and the Criminal Case is expected to be resolved by the end of this year."). The Court, therefore, finds the interests of the Individual Defendants weighs in favor of a stay.

## 5. Interests of the Public

Defendants argue that the public's interest is not impaired by a stay because "[n]othing will be lost or permanently altered by a stay until the resolution of Defendants' criminal proceedings." Defs.' Mot. at 8. And Defendants further argue that a limited stay of the civil proceedings will give them "a fair opportunity for a defense." Plaintiff responds that the public interest in getting the issues in this civil case resolved is paramount given the allegations of systemic failures in the medical care provided to inmates and detainees that exist, not only in Garvin County, but across the State of Oklahoma. Pl.'s Resp. at 14-15. Defendants reply that a "small delay in civil proceedings" will not prevent the public from learning about the facts of this case and that the "liberty interests of those subjected to criminal proceedings, far outweighs a small delay in civil proceedings."

The Court finds the public's interest is protected to some degree through the criminal prosecution of the Individual Defendants. As to systemic failures, certainly discovery in the civil action will bring to light any such failures. But that discovery will certainly proceed once the temporary stay is removed. The Court finds, therefore, that the other factors outweigh the limited public interest that would be advanced if a stay were not granted.

## 6. Interests of the Court

In addressing the interests-of-the-court factor, courts have noted certain countervailing benefits. If a stay were not granted, the benefit of resolving litigation promptly and without unnecessary delay is best served. However, if a stay were granted there is: (1) an increased possibility of settlement of the civil case; and (2) evidence from

the criminal case may be used in the civil case thereby reducing the scope of discovery. *B.L. v. Indep. Sch. Dist. No. 14 of Jefferson Cnty.*, No. CIV-24-00037-JD, 2025 WL 2345087, at \*3, (W.D. Okla. July 29, 2025) (citations omitted). Other interests include "promot[ing] comity between civil and criminal courts . . . and adequately protect[ing] against an improper spill-over of information, whether intentional or merely incidental, between the two proceedings." *Graham for Est. of Huff v. Garfield Cnty. Det. Ctr.*, No. CIV-17-634-M, 2018 WL 4035971, at \*2 (W.D. Okla. Aug. 23, 2018)).  Here, the Court finds that given the degree of interrelatedness of the two proceedings, the complexity of the facts and issues, the number of defendants involved, and comity concerns that may arise if the two actions were to proceed on a parallel basis, the interests of the Court weigh in favor of granting a stay.

The Court acknowledges that Plaintiff proposes, in loose terms, alternatives less drastic than the requested stay, such as limiting discovery to interrogatories or proceeding only with discovery as to the Sheriff and Turn Key.  As noted, in *Neville*, the court deemed it necessary, under similar circumstances, to refer the matter to a magistrate judge for the development of a discovery plan.  The Court finds a more efficient use of judicial resources will be had in granting a stay of fixed and limited duration.  Given the number of Individual Defendants and the broad scope of conduct at issue, the Court finds the alternatives proposed by Plaintiff, as a practical matter, would create a real potential to necessitate the Court becoming unduly involved in the oversight of discovery.

## IV.     <u>Conclusion</u>

Having considered the factors set forth, the Court finds, on balance, that a stay is warranted.  The Court gives due consideration to the most significant factor, the degree of interrelatedness of the proceedings.  To this end, the Court finds the complexity of the issues, the scope of conduct at issue and the interrelatedness of the conduct of the Individual Defendants and the claims against the Sheriff and Turn Key, warrant protection of the Individual Defendants' Fifth Amendment rights.

The criminal trial is set to begin in June 2026 and, therefore, any stay is of a fixed duration.  The Court discerns no specific prejudice to Plaintiff stemming from a delay of discovery, pending resolution of the criminal action.  The interests of the public are adequately protected and the Court's interests favor a stay.  Moreover, if further delay of the criminal trial should occur, the Court will consider a motion by Plaintiff to lift the stay and to explore tailored discovery so as to allow this case to move forward.

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Stay Proceedings and Brief in Support [Doc. No. 15] is GRANTED.  Based on the June 2026 trial in the criminal action, this action is stayed until July 1, 2026, unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that Defendants shall file a written notice within five (5) days of any continuance of the scheduled trial in the criminal case, or a verdict, or any pleas entered in that case.

IT IS FURTHER ORDERED that excepted from the stay is the Court's consideration of the pending Motions to Dismiss [Doc. Nos. 23, 24 and 25].

IT IS SO ORDERED this 21st day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE