IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNA BUNDY, as Personal Representative of the Estate of Kayla Turley, Deceased,<br><br>      Plaintiff,<br><br>v.<br><br>SHERIFF OF GARVIN COUNTY, in his official capacity, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-25-850-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court is Defendant Noel's Motion to Dismiss and Brief in Support [Doc. No. 24]. The matter is fully briefed. *See* Pl.'s Resp. [Doc. No. 37]; Def.'s Reply [Doc. No. 41]. For the reasons that follow, Defendant Noel's Motion is DENIED.

**I.  Introduction**

In August 2023, Kayla Turley died while detained at the Garvin County Detention Center (GCDC). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff, Kenna Bundy, as personal representative of the Estate of Kayla Turley (Plaintiff), alleges that Ms. Turley died as a result of the deliberate indifference to her serious medical needs by Defendants, including Defendant Lynnsee Noel, LPN (Defendant Noel). Defendant Noel moves to dismiss Plaintiff's claims against her on grounds that her conduct, as alleged in the Complaint, demonstrates only negligent conduct which is not actionable under § 1983.

II.     **<u>Governing Standard</u>**

A party may move to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal is proper when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [complaint] alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In reviewing the sufficiency of the complaint, "[a]ll well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party."  *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).  However, not all factual allegations are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  A formulaic recitation of the elements of a claim and other conclusory allegations need not be accepted as true  *Id*. at 681 (citing *Twombly*, 550 U.S. at 554-55).

III.    **<u>Discussion</u>**

Defendant Noel, at all times relevant to Plaintiff's claims, worked as a nurse at the GCDC and is alleged to have been responsible for overseeing Ms. Turley's medical care.

2

Plaintiff's Complaint alleges multiple instances in which Defendant Noel delayed and/or denied medical care to Ms. Turley during an approximately three-day period of detention at the GCDC, which immediately followed Ms. Turley's discharge from the hospital for treatment of abdominal pain and other symptoms.

"The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Crowson v. Wash. Cnty.*, 983 F.3d 1166, 1178 (10th Cir. 2020) (internal quotation marks and citation omitted). The two-part Eighth-Amendment inquiry governs. *Id.* Objectively, the deprivation must be sufficiently serious "to constitute a deprivation of a constitutional dimension"; and subjectively, a prison official must know of and disregard an excessive risk to inmate health or safety.[1]

Defendant Noel concedes that "death is sufficiently serious to satisfy the objective component needed to establish deliberate indifference." Mot. at 12 (citing *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).[2] She moves for dismissal as to the subjective component of a deliberate indifference claim arguing that Plaintiff "utterly fails to adequately plead facts sufficient to satisfy" that component. *See id.*

---

[1] Because Ms. Turley was a pretrial detainee, Plaintiff's § 1983 claim for deliberate indifference is governed by the due process clause of the Fourteenth Amendment. *See Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). "Section 1983 claims made under the Fourteenth Amendment for deliberate indifference are evaluated under the same standard as section 1983 claims made under the Eighth Amendment for deliberate indifference." *Smith v. Allbaugh*, 987 F.3d 905, 910 n. 1 (10th Cir. 2021).

[2] *See also Burke v. Regalado*, 935 F.3d at 960, 994 (10th Cir. 2019) ("An inmate's death meets [the objective component] requirement 'without doubt.'" (quoting *Martinez*, 563 F.3d at 1088).

"A prisoner may satisfy the subjective component by showing that defendant's delay in providing medical treatment caused either unnecessary pain or a worsening of her condition. Even a brief delay may be unconstitutional." *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005) (citing cases finding delays of "fifteen minutes," a "few hours" and "several hours" as potentially unconstitutional). Additionally, jail and medical personnel have important gatekeeping functions to ensure that a detainee receives proper medical treatment. *See, e.g., Sealock v. Colo.*, 218 F.3d 1205, 1211 (10th Cir. 2000) (delaying or refusing to fulfill gatekeeper role may give rise to liability for deliberate indifference). Moreover, jail and medical personnel may be liable for abdicating their gatekeeping role when an inmate's condition is worsening, particularly where, as here, discharge instructions provide for a return for treatment if conditions worsen. *See Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1160 (10th Cir. 2022).

Defendant Noel argues that the Complaint alleges, at most, inadvertent failure to provide medical care and that such negligent conduct does not give rise to a claim of deliberate indifference. *See* Mot. at 14 (citing, *inter alia, Estelle v. Gamble*, 429 U.S. 97 (1976)). In *Estelle*, the Supreme Court explained that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id*. at 106. "Medical malpractice" does not give rise to any constitutional violation. Instead, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" because "[i]t is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment." *Id*.

4

The Complaint alleges that on August 4, 2023, Ms. Turley had been treated for abdominal pain at the Chickasaw Medical Center. A physician provided discharge instructions that advised that Ms. Turley could have a serious problem requiring surgery, was needing to take antibiotics to protect against potential infection, and was to return to the hospital with any "worsening concerns." Compl., ¶ 1; *see also id.*, ¶¶ 23-27.

Defendant Noel knew about these discharge instructions, but repeatedly failed to ensure that Ms. Turley took her medication and failed to obtain additional medical treatment for Ms. Turley, despite knowing that her condition was worsening. Defendant Noel observed Ms. Turley unable to get up, unable to walk on her own, unable to stand on her own, crying out in pain, and defecating on herself. *Id.*, ¶¶ 53, 57-65, 80, 102, 104, 110. Defendant Noel also watched a video showing Ms. Turley collapsing to the floor. She did nothing to assist her or check on her. *Id.*, ¶ 67. Additionally, Defendant Noel refused to send Ms. Turley to the hospital even when urged to do so by jail staff. *Id.*, ¶ 74. And Defendant Noel failed to accurately complete a "Post-Hospitalization/Off-Site Consultation Assessment" form and left blank the section describing the "plan" for Ms. Turley's treatment. *Id.*, ¶¶ 78-79.

Upon review of Plaintiff's allegations, the Court readily concludes that she has plausibly alleged facts to show that Defendant Noel's conduct satisfies the subjective component of a claim of deliberate indifference to medical needs. The allegations demonstrate conduct evincing deliberate indifference, not mere negligent conduct amounting to a difference in opinion as to the proper medical care to be provided to Ms.

Turley.[3]  Accordingly, Defendant Noel's Motion to Dismiss and Brief in Support [Doc. No. 24] is DENIED.

      IT IS SO ORDERED this 26th day of January, 2026.

                                                    SCOTT L. PALK
                                                    UNITED STATES DISTRICT JUDGE

---

[3] As alleged in the Complaint, Defendant Noel is one of several defendants who have been indicted by a federal grand jury on criminal charges for deprivation of Ms. Turley's civil rights based on the same events as those that form the basis of Ms. Turley's claims in this action. *See United States of America v. Jennifer Baxter, et al.*, Case No. CR-24-516-R (W.D. Okla.), Indictment [Doc. No. 1], filed December 3, 2024.